UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In Re | : | |
| | : | |
| SMITH DEVELOPMENT INC. | : | Case No. 09-10078-SSM |
| | : | (Chapter 11) |
| Debtor. | : | |
| | : | |
| | : | |
| SMITH DEVELOPMENT INC, | : | |
| Plaintiff, | : | |
| | : | Adversary Proceeding No.: _____ |
| v. | : | |
| | : | |
| ROBERT SAMIA | : | |
| Defendant. | : | |
| | : | |

COMPLAINT TO RECOVER MONEY OR SEEK EQUITABLE RELIEF

Debtor Smith Development, Inc., by counsel states the following:

1. Debtor filed a petition [doc. 1] commencing a chapter 13 case before this honorable court on January 6, 2009.

2. This complaint is filed under Federal Rules of Bankruptcy Procedure Rule 7001 to recover money or seek equitable relief.

3. Jurisdiction lies with this court under 28 USC §151 and 28 USC §157. This is a core proceeding under 28 USC §157(b)(2).

4. Plaintiff is a Virginia corporation.

5. Defendant is a resident of Virginia.

1

6. Plaintiff is the owner of property known as 201 North Fillmore Street, Arlington, Virginia 22201 (the "Property").

7. Plaintiff and Defendant entered into a contract for the sale of the Property dated August 29, 2009 (the "Contract") wherein Plaintiff would sell and Defendant would purchase the Property. A true and accurate copy of the Contract is attached as **"Exhibit A"** and made part hereto.

8. The purchase price under the Contract was $505,000.

9. The Contract states that settlement shall occur on, or by agreement before, September 30, 2009 ("Settlement Date").

10. Defendant did not appear for settlement on the Property as required by the Contract.

11. Plaintiffs were at all times been ready, willing, and able to complete settlement.

12. Defendant's failure to appear at settlement constituted a breach of the Contract.

13. Plaintiff gave Defendant notice of the breach and opportunity to cure by letter dated October 7, 2009. A true and accurate copy of the letter is attached as **"Exhibit B"** and made part hereto.

14. Defendant did not cure the breach.

15. Defendant is in default of the Contract.

16. Plaintiffs completed the sale of the Property to the New Purchasers.

17. The purchase price under the New Contract represents the salable and market value of the Property at the time of Defendants' breach of the Contract.

18. Plaintiffs properly mitigated their damages caused by the Defendant's breach of the Contract, by selling the Property to the New Purchasers within a reasonable time after the Defendant's breach of the Contract.

19. Paragraph 20 of the Contract states: "In any action or proceeding involving a dispute between the Purchaser, the Seller and/or the Broker arising out of this Contract, or to collect the Broker's fee, the prevailing party will be entitled to receive from the other party reasonable attorney's fees and costs of the proceedings to be determined by the court or arbitrator(s)."

## COUNT I – BREACH OF CONTRACT—SPECIFIC PERFORMANCE

20. The allegations contained in paragraphs 1 through 16 are realleged herein.

21. Defendant had a duty to purchase the Property pursuant to the terms of the Contract.

22. Defendant breached his duty as aforesaid.

23. Plaintiff has no adequate remedy at law.

24. Plaintiff is entitled to specific performance of the Contract by Defendant.

**WHEREFORE**, the Plaintiffs pray that this Court (i) order Defendant to specifically perform his obligations under the Contract; (ii) award Plaintiffs their reasonable attorney's fees and costs; and (iii) grant all other relief the court deems just.

## COUNT I – BREACH OF CONTRACT—MONEY DAMAGES

25. The allegations contained in paragraphs 1 through 16 are realleged herein.

26. Plaintiff pleads in the alternative that as a direct and proximate cause of the aforesaid breach, Plaintiffs incurred damages consisting of the difference between the sales price and the saleable value of the Property.

**WHEREFORE**, the Plaintiffs pray that this Court (i) enter judgment against Defendant and in favor of the Plaintiff in the amount of Thirty-Five Thousand Dollars ($35,000.00); (ii) award Plaintiffs their reasonable attorney's fees and costs; and (iii) grant all other relief the court deems just.

                                SMITH DEVELOPMENT, INC.
                                BY COUNSEL

*/s/ Michael J. Ferrigno*
Martin C. Conway (VSB No. 34334)
John C. Altmiller (VSB No. 34902)
Michael J. Ferrigno (VSB No. 68140)
PESNER KAWAMOTO CONWAY, PLC
7926 Jones Branch Drive, Suite 930
McLean, VA 22102
(703) 506-9440 (telephone)
(703) 506-0929 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, and filed electronically via CM/ECF on this 1st day of September, 2009 to the creditors and parties in interest on the attached Service List and the following parties:

                                      /s/Michael J. Ferrigno
                                      Michael J. Ferrigno

Robert Samia
7353 Huntsman Dr.
Warrenton, VA 22186

W. Clarkson McDow, Jr., Trustee
Office of the U.S. Trustee
115 South Union Street
Alexandria, VA 22314

5